STEINBERG et al. v. SCHLESHINGER.

'(Supreme Court, Appellate Term.   November 6, 1903.)

1. EVIDENCE—OBJECTIONS—MATERIALITY.
    Where the question at issue was whether defendant was at fault in
    the dyeing of certain skins, questions asked defendant, who had qualified
    as an expert in the business of dyeing furs, as to whether he used every
    care he knew of, or omitted anything he might have done that would
    have produced a different result, or dyed them as well as it was possible
    for him to do, were not objectionable as being immaterial.

2. NEGLIGENCE—DYEING SKINS—VERDICT OF JURY—SUFFICIENCY OF EVIDENCE.
    On the issue whether the dresser or the dyer of certain skins was re-
    sponsible for spots in them, the experts testified that they were the result
    of careless handling by the dresser, in permitting some chemical used
    in the dressing to touch the hair.   The dresser testified that the skins
    were properly dressed, but gave no detailed statement as to the way the
    work was done.   Held, that a verdict that the dyer was responsible for
    the defect was against the weight of the evidence.

Appeal from City Court of New York.

Action by Paul Steinberg and another against John B. Schleshinger.
From a judgment for plaintiffs, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and
BLANCHARD, JJ.

L. B. Boudin, for appellant.
M. Schenkman, for respondents.

FREEDMAN, P. J.   This action was brought by the plaintiffs to
recover from the defendant, a fur dyer, the value of 29 fox skins de-
livered to him by plaintiffs for the purpose of having them dyed, and
which, as they claimed, were spoiled and rendered valueless by reason
of the improper manner in which the work was done.   The defend-
ant was instructed to dye the skins what is known to the trade as a
"light Isabella color," and it appears that when they were returned
to the plaintiffs there were green spots in them, or places in which-
the skins were of a green color, and that they were thereby much re-
duced in value, if not rendered entirely worthless.   The crucial ques-
tion was whether this green color was the fault of the dresser of the
skins, with which defendant had nothing to do, or the fault of the de-
fendant in dyeing them.   It therefore became important for the de-
fendant to show that he had done his work in a proper and workman-
like manner, and with the highest degree of care.   After the defend-
ant had been sworn, and had qualified as an expert of many years in
the business of dyeing furs, he was asked:

"Did you, in the dyeing of these furs for the plaintiff, use every care that
you know of?"   "Do you recall anything that you omitted to do that you might
have done, what would have produced a different result?"   "And you have
dyed them as well as it is possible for you to do?"

To each of these questions plaintiffs' counsel objected on the dis-
tinct and only ground that it was immaterial.   Each of the objections
was sustained, and the answer to the first question was, on the motion
of plaintiffs' counsel, stricken out.   Defendant's counsel excepted to
these rulings.   In these rulings the trial court erred.   The testimony

was clearly material, and an exclusion upon the sole ground of its immateriality was prejudicial to the rights of the defendant. This mischief was not cured by any subsequent evidence, and the case went to the jury without the defendant having the benefit of the answers to the questions thus asked.

. It further appears that the defendant called five witnesses, four of them expert dyers, who united in saying that the skins were properly dyed in an Isabella color, and that the only defects were the green spots. As to these green spots, the cause of all the trouble in this case, the testimony of all the experts who have testified on the subject is unanimous in declaring that it was not the result of improper dyeing by the defendant, but was the result of careless handling by the dresser, in permitting some strong chemical used in the dressing to touch the hair; that whenever the hair was touched by such chemical the skin would turn green after it was dyed; that when dry, before dyeing, it could not be discovered whether it was touched by chemicals or not; and that the spots could not be the result of the dyeing process. These witnesses not only gave their opinions, but also the reasons and grounds for such opinions, explaining at length the process through which the skins go through in dressing and dyeing, respectively. This testimony is practically uncontradicted. One of the plaintiffs testified that the skins were not properly dyed, but he confessed that he was not a dyer, and did not understand the business, nor was he a dresser of skins. The man who dressed the skins was called, and testified that they were properly dressed, but he gave no detailed statement as to the way the work was done; and after four experts had testified that the green spots were caused by the careless or improper dressing of the skins, describing how such dressing caused the spots to appear, no one was called by the plaintiff to rebut such testimony. The judgment is therefore against the weight of evidence.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.